## Hardin's Administratrix v. Bush.

(Decided January 25, 1912.)

Appeal from Washintgon Circuit Court.

Evidence—Finding of Fact by Chancellor.—Where the evidence is conflicting, and the weight of it supports the finding of the chancellor upon the facts, his judgment will not be disturbed.

W. C. McCHORD for appellant.

T. S. MAYES for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On April 14, 1903, John Hardin, deceased, executed and delivered to appellee, Bush, a note for $91.89, and he and his wife executed a mortgage on their home farm to secure same. In April, 1905, Hardin died intestate,

leaving surviving him his widow, the appellant, and his father and mother. This action was brought to secure the payment of the note and for an enforcement of the lien upon the land. Judgment was rendered in favor of appellee, Bush, and the administratrix appeals therefrom.

For defense, the appellant set up that a short time before the execution of the note sued on, John Hardin had a public sale of his personal property and took notes from the purchasers which aggregated more than the amount of the note sued on. That he sold and delivered these sale notes to appellee, Bush, and the note sued on together with the mortgage were delivered to appellee to secure him in the payment of these sale notes, with the agreement that when the sale notes or enough to satisfy the mortgage note were paid, appellee was to return to Hardin the note and release the mortgage.

A reply was filed, controverting the allegations of the answer, and setting up that the note sued on was executed to take place of a note Hardin had executed to appellee, Bush, for some $80 and a balance due by him on an account. The reply, however, admitted that appellee, Bush, advanced on the sale notes $91.89.

The evidence on behalf of appellant tends to show that a few days prior to the execution of the note, John Hardin had a sale of his personal property, at which sale appellee acted as clerk. That the sale notes taken from the purchasers at this sale amounted to $89.89. That appellee purchased these sale notes, paying therefor $38.62 to John Hardin and $51.27 to appellant, and $2 to the clerk for recording the mortgage. That to secure appellee in his purchase of these sale notes, and the recording fee, Hardin executed his note for $91.89, and together with his wife signed and delivered the mortgage in question. That it was agreed at the time that when these sale notes were paid in full, appellee was to return the note and release the mortgage; and, that all the notes had been paid.

The evidence for appellee was to the effect that Hardin was indebted to him for a note amounting to $80, and a balance due for seed oats. That he purchased the sale notes and paid for them by the two checks before mentioned. That he took a mortgage on the land and had a new note executed for the amount then due him by Hardin on the $80 note and the account for oats, which note was by mistake executed for a little more than was ac-

tually due. That there was no connection between the sale notes and the mortgage note. That after the death of Hardin, appellant offered to assign to appellee a lien note she had on Thompson in exchange for the note sued on, but that appellee refused to make this exchange and insisted on the payment of his note.

There is much conflicting testimony in the record, but the weight of the evidence supports the contention of appellee, Bush. The strongest evidence in his behalf is the uncontradicted fact that after the death of Hardin his widow, the appellant, who was familiar with all the business recognizing the note sued on as a valid and subsisting debt, offered to satisfy it by delivering to appellee the Thompson note. It is true there are some facts and circumstances shown in the record indicating that the note in suit was executed to secure the payment of the sale notes, but, upon the whole case, after a careful consideration of the evidence, we are not disposed to disturb the chancellor's finding of fact.

Wherefore, the judgment is affirmed.